Peter G. Bertling [S.B. #131602]
Jemma Parker Saunders [S.B. #227962]
Bertling Law Group, Inc.
15 West Carrillo Street, Suite 104
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-962-0722
Emails:     peter@bertlinglawgroup.com
            jemma@bertlinglawgroup.com

Attorneys for Non-Party CALIFORNIA FORENSIC MEDICAL GROUP

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DAVID NIN,<br><br>　　　　　Defendant. | Case No.: 1:18-cr-00078-LJO-SKO<br><br>**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S REQUEST TO VACATE THE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**<br><br>Judge: Hon. Erica P. Grosjean |

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

　　PLEASE TAKE NOTICE that non-party California Forensic Medical Group, Inc. (hereinafter "CFMG") hereby requests this Court vacate the Order of October 11, 2018 "Requiring Mr. Nin be seen by Medical Specialists at CRMC." CFMG makes this request on the following grounds:

　　This Order was entered prior to CFMG's limited opportunity to be heard, and prior to the expeditious response of its Medical Director, Raymond Herr, M.D. filed on October 12, 2018 at CM/ECF No. 22. An adequate, conflicting and superseding remedy exists for Mr. Nin's grievance and

complaint, in the form of the encompassing Consent Decree in the matter of *Hall, et al. v. County of Fresno,* Case Number 1:11-cv-02047-LJO-BAM, at CM/ECF Document 112-1, filed on May 28, 2015. Non-Party CFMG respectfully requests this Court vacate the October 11, 2018 Order and direct DAVID NIN and/or his counsel to comply with the remedial measures set forth in the Consent Decree. In the alternative, non-party CFMG respectfully requests that the Court consider the timely filed Declaration of Raymond Herr, M.D. prior to issuance of any order pertaining to Mr. NIN's medical care at the Fresno County Jail.

### I. STATEMENT OF RELEVANT FACTS

On or around October 10, 2018, CFMG learned an inmate-patient at the Fresno County Jail had made a statement in the context of a hearing on his criminal case that he was in essence receiving inadequate treatment at the Fresno County Jail relative to his HIV and other related conditions. Neither CFMG nor its counsel was present at this hearing, and counsel for CFMG understands this hearing was strictly related to Mr. NIN's criminal case. The exchange between Mr. NIN and the other attendees at the hearing is not entirely known to CFMG however, CFMG's Medical Director, Raymond Herr, M.D. was requested to submit at statement to the Court by the close of business on October 12, 2018, pertaining to Mr. NIN's care at the Fresno County Jail.

On the morning of October 12, 2018, in compliance with the Court's Order, Dr. Herr submitted a declaration attesting contrarily to the medical issues raised by Mr. NIN during his criminal hearing. See CM/ECF Document No. 22. In this Declaration, based on his learned assessment of the care and treatment rendered to Mr. NIN at the Fresno County Jail, Dr. Herr refuted the statements made by Mr. NIN in court, and describe the care being provided to Mr. NIN at the jail, and the measures CFMG had undertaken to provide him with care related to his HIV and other related conditions. However, prior to the Court receiving or reviewing this Declaration from Dr. Herr, the Order directing Mr. NIN's medical care was issued directing CFMG to undertake various medical treatments for Mr. NIN unsupported by his conditions, the record made by Dr. Herr or the legal process required to achieve these measures.

As set forth in the Declaration of Dr. Herr, *even before* receiving this Court's October 11, 2018 Order, CFMG began the process of scheduling an appointment for Mr. Nin to be seen by an HIV

specialist at CRMC. Because Mr. Nin is a Federal inmate, CFMG had to first contact the US Federal Marshal and obtain approval for Mr. Nin to be scheduled for an offsite visit. CFMG staff, Marie Muro contacted the Federal Marshall's office and requested this approval around 9:00 a.m. on October 11, 2018.

On October 15, 2018 at 13:55, CFMG received notice from the US Marshall's office that Mr. Nin was approved to be seen by the Infectious Disease Clinic at CRMC. After receiving this approval, Ms. Muro sent a fax to the CRMC Infectious Disease Clinic and requested they schedule Mr. Nin for an appointment. CFMG is waiting to hear from the Infectious Disease Clinic regarding the date and time of Mr. Nin's appointment.

Non-party CFMG now respectfully requests this Court vacate its October 12, 2018 Order pertaining to Mr. NIN's medical care and treatment at the Fresno County Jail, and direct Mr. NIN to follow the grievance and complaint procedures set forth in the governing Consent Decree in the matter of *Hall, et al. v. County of Fresno,* Case Number 1:11-cv-02047-LJO-BAM, at CM/ECF Document 112-1.

**II.    ARGUMENT**

In the context of *Hall, et al. v. County of Fresno,* Case Number 1:11-cv-02047-LJO-BAM, a Consent Decree governing the provision of medical and mental health (among other topics) at the Fresno County Jail was entered by the Eastern District Court on May 28, 2015[1]. In the Consent Decree, various paragraphs and appendices discuss and dictate the process and procedures for individual inmate challenges, grievances and complaints pertaining to the medical or mental health care they are receiving from the Fresno County Jail. See, e.g. paragraph 18 of the Consent Decree, and paragraphs H, I and J of the Remedial Plan Appendix to the Consent Decree, 1:11-cv-02047-LJO-BAM, CM/ECF no. 112-1, May 28, 2015. In sum, the Consent Decree dictates meeting and conferring, auditing, policies and procedures and actual practices to address individual inmate concerns with their care at the jail. Nowhere does the Consent Decree permit an inmate to persuade a court in the context of a criminal

---

[1] CFMG respectfully requests this Court take Judicial Notice of the Consent Decree, attached hereto as **Exhibit A**. CFMG makes this request because this is the official records of the Eastern District Court and is both not reasonably subject to dispute and easily verifiable.

hearing to order various medical care without the benefit of any input whatsoever from the medical providers.  Yet this is what Mr. NIN appears to have accomplished.  Should this methodology stand, it sets a dangerously inefficient and costly precedent for inmates to grieve medical complaints during their numerous criminal hearings, whether such complaints are fact or fiction, while eliminating the provider's ability to comment, refute or comply with the Consent Decree.  The processes were put in place with deliberation and must be followed by and for all parties.  CFMG is not aware of any legal authority which confers jurisdiction upon this Court to issue the October 11, 2018 Order.  There was no Writ of Habeas Corpus nor any type of civil action filed on behalf of Mr. Nin.  There was no compliance with the requirements of the Consent Decree.

      CFMG respects and appreciates this Court's attempts to insure Mr. Nin is receiving adequate medical treatment and care. CFMG has done everything they can do to schedule Mr. Nin for an appointment with an HIV specialist as soon as possible, but they are concerned the appointment might not be scheduled within 5 days as ordered by this Court on October 11, 2018.

      Moreover, CFMG contends this particular Order related to Mr. NIN was issued prematurely.  On or around October 10, 2018, CFMG and Dr. Herr were advised Dr. Herr was required to submit an affidavit to the Court attesting to Mr. NIN's medical care by the close of business on October 12, 2018.  In Compliance, Dr. Herr drafted and submitted (through counsel) his Declaration on the morning of October 12, 2018.  See CM/ECF Document No. 22.  However, prior to the filing of the Declaration, CFMG was made aware of the Order issued by the Court on October 11, 2018 directing Mr. NIN's medical care without having received input from CFMG.  See CM/ECF Document No. 21.  CFMG contends it therefore was deprived of the right to be heard prior to the issuance of what is essentially equitable and unnecessary relief for Mr. NIN.  Should the Court be inclined to disregard the Consent Decree's provisions and issue an Order pertaining to Mr. NIN's medical care, CFMG respectfully requests the Court take into consideration the Declaration of Raymond Herr, M.D. and the contents thereof in connection with the issuance of any Order pertaining to Mr. NIN's care.

///

///

### III. CONCLUSION

For the reasons stated herein, non-party CFMG respectfully requests this Court vacate the order at CM/ECF Document No. 22, and direct Mr. NIN to comply with the policies and procedures of the Fresno County Jail and the accompanying Consent Decree.  Alternatively, CFMG respectfully requests that this Court vacate its prior order at CM/ECF Document No. 22 and consider the timely filed Declaration of Raymond Herr, M.D. prior to issuance of an Order pertaining to Mr. NIN's care. Respectfully submitted.

Dated: October 15, 2018                         BERTLING LAW GROUP, INC.


  */s/ Peter G. Bertling*
  Peter G. Bertling
  Jemma Parker Saunders
  Attorneys for Non-Party
  CALIFORNIA FORENSIC MEDICAL
  GROUP, INC.

- 5 -

1:18-cr-00078-LJO-SKO

**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S REQUEST TO VACATE THE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

CONSENT DECREE Case Number 1:11-cv-02047-LJO-BAM

CM/ECF DOCUMENT NO. 112-1

1:18-cr-00078-LJO-SKO

- 6 -

**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S REQUEST TO VACATE THE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**