Peter G. Bertling [S.B. #131602]
Jemma Parker Saunders [S.B. #227962]
Bertling Law Group, Inc.
15 West Carrillo Street, Suite 104
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-962-0722
Emails:   peter@bertlinglawgroup.com
          jemma@bertlinglawgroup.com

Attorneys for Non-Party CALIFORNIA FORENSIC MEDICAL GROUP

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>v.<br><br>DAVID NIN,<br><br>          Defendant. | Case No.: 1:18-cr-00078-LJO-SKO<br><br>**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF REQUEST TO VACATE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**<br><br>Judge: Hon. Erica P. Grosjean |

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that non-party California Forensic Medical Group, Inc. (hereinafter "CFMG") hereby submits the following supplemental briefing in support of its Request to Vacate the Court's Order of October 11, 2018.

On October 18, 2018 in response to the Order issued by this Court on October 11, 2018, non-party CFMG submitted a Request to Vacate the Court's Order. See CM/ECF Document No. 25. In this request, CFMG asserted two rationales for vacating the

October 11, 2018 Order regarding Mr. Nin's medical care at the Fresno County Jail: the first was the Order lacked proper process by not requiring conformity with the Consent Decree and general civil proceedings. CFMG's second basis to vacate the order was the Court's failure to consider the Declaration of Dr. Raymond Herr timely filed in opposition in opposition to Mr. Nin's statements. See CM/ECF Document No. 22. Now, CFMG further submits a third basis for vacating the October 11, 2018 order, which is that this Court lacks the authority to issue rulings and orders on the conditions of Mr. Nin's confinement in the course of his criminal proceedings. On this additional basis, the October 11, 2018 Order must be vacated.

## I. SUPPLEMENTAL ARGUMENT

It is well settled law that a prisoner cannot bring a claim pertaining to the conditions of his confinement without first exhausting the administrative remedies process provided for by the jail or prison. See, e.g. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *Ngo v. Woodford*, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *United States v. Luong,* 2009 U.S. Dist. LEXIS 85695, *1-2, (E.D. Cal. 2009) (quoting *Jones v. Bock*, (2007) 549 U.S. 199, 204. The exhaustion of administrative remedies is often grounds for dismissal for failure to state a claim upon which relief can be granted (FRCP Rule 12(b)(6)) in the context of a civil action pursuant to 42 U.S.C. §1983. Indeed, it is an imperative condition imposed upon inmates and plaintiffs in the context of the Prison Litigation Reform Act. See 42 U.S.C. §1997(e); *Ontiveros v. Los Angeles County*, 611 F. Supp.2d 1090, 1094 (C.D. Cal. 2009).

Since exhaustion of administrative remedies is critical and required, it is upon this basis that Federal Courts in multiple jurisdictions have determined that a prisoner cannot bring any claims concerning the conditions of his confinement in jail as motions in a federal criminal case.  See e.g. *United States v. Wells, No. 02-20*, 2007 WL 3025082, at *2 (W.D.Ky. 2007); *United States v. Lanza*, 2006 WL 6105611, at *1 (W.D.Wis. 2006); *United States v. Loera*, 2017 U.S. Dist. LEXIS 96221, at *114-115, (D.N.M. 2017).  Specifically, *in United States v. Hollis* the Eastern District Court and Judge Wanger were asked to consider the provisions of library access and supplies as conditions of Hollis' confinement in the context of his federal criminal case.  The Eastern District Court declined to allow Mr. Hollis to proceed with these grievances during the criminal proceedings because he had not brought a civil rights action predicated on exhaustion of his administrative remedies at the Fresno County Jail.  *Id.*  Moreover, in the matter of *United States v. Loera*, Loera was not permitted to present a claim during his criminal matter related to his medical care during confinement because the only basis to do so is when such medical conditions prevented him from assisting his counsel in his own defense.  *United States v. Loera, supra* (2017 U.S.Dist.LEXIS 96221, at *114-115.).  In essence "Courts have recognized the proper procedure to redress a defendant's grievances regarding medical treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. §1983, rather than a motion in his criminal case*.*"  *United States v. Luong,* 2009 WL 2852111 (E.D. Cal. 2009).  Permitting a defendant to file or litigate grievances in the context of their criminal proceeding (not directly related to his ability to exercise his rights during the criminal case) would circumvent the defendant's obligation to exhaust administrative remedies before seeking redress in court.  *Ontiveros v. Los Angeles County*, 611 F. Supp. 2d 1090, 1094 (C.D. Cal. 2009).

1:18-cr-00078-LJO-SKO

- 3 -

**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF REQUEST TO VACATE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**

This issue has been addressed relative to the medical care rendered in the Fresno County Jail which is at issue with the current Order.  In *Galvan v. Mimms* (E.D.Cal. June 7, 2011, No. 1:11-cv-00326-GBC (PC)) 2011 U.S.Dist.LEXIS 61012, at *3-4) it was determined the inmate could not bring a civil rights action under section 1983 based on events which occurred while he was confined in the Fresno County Jail unless and until he has completed administrative remedies provided by the Fresno County Jail for the processing of grievances prior to filing suit. *Id.; s*ee also *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Ngo v. Woodford*, 548 U.S. 81, 85 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir.2002); *United States v. Hollis*, 2009 WL 902062 at *1 (E.D. Cal. 2009); *Rivers v. Hulkabee*, 2007 WL 214572, at *1 (E.D. Cal. 2007).

Not only does requiring a defendant to file a civil suit under Section 1983 ensure that the PLRA requirements regarding administrative remedy exhaustion have been satisfied, but requiring a civil action also ensures the proper parties are actually before the Court with notice and opportunity to be heard.  See *Id*.; *Rich v. Zitnay*, 644 F.2d 41, 42 (1st Cir. 1981).

In the context of the instant matter, exhausting administrative remedies requires Mr. Nin to comply with the jail's usual grievance process combined with the instructions and stipulations set forth in the Fresno Consent Decree.  See Exhibit A to CFMG's Request to Vacate Order, CM/ECF No. 25.  Nowhere is it documented that Mr. Nin complied with any of these procedures.  Rather, the record affirms Mr. Nin simply raised the issue during his criminal proceedings, the very act which is prohibited by controlling law.  Furthermore, the rationale for requiring exhaustion of remedies to occur prior to filing suit and addressing prisoner grievances related to conditions of confinement, being that the prison officials be permitted to respond and address the grievance, was entirely absent relative to Mr. Nin's oral complaints.  Indeed, in the issuance of this Order, the timely

1:18-cr-00078-LJO-SKO

- 4 -

**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF REQUEST TO VACATE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**

submitted declaration of Dr. Raymond Herr addressing the inmate's grievance was ignored.  CM/ECF Document No. 22.

In sum, this Court lacks authority to issue the Order of October 11, 2018.  Since Mr. Nin's complaints and grievances were asserted as an oral motion in the context of his criminal matter, the matter has not followed due course and due process to achieve an Order from this Court directing prison officials' conduct in Mr. Nin's medical care and conditions of confinement.  In accord with all interpreting jurisprudence, including that of the Eastern District Court of California in *United States v. Hollis*, *supra* this Court cannot issue an Order directing the Fresno County Jail and/or its officials to provide specific care to Mr. Nin.

## II.  CONCLUSION

For all the foregoing reasons, and in furtherance of its initial submission at CM/ECF No. 25, non-party CFMG respectfully requests this Court vacate its October 11, 2018 "Requiring Mr. Nin be seen by Medical Specialists at CRMC."

Respectfully submitted,

Dated: October 17, 2018                    BERTLING LAW GROUP, INC.


                                           */s/ Peter G. Bertling*
                                           Peter G. Bertling
                                           Jemma Parker Saunders
                                           Attorneys for Non-Party
                                           CALIFORNIA FORENSIC
                                           MEDICAL GROUP

**NON-PARTY CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF REQUEST TO VACATE COURT'S ORDER OF OCTOBER 11, 2018 [CM/ECF 21]**