IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID NIN<br><br>        Defendant | Case No.: 1:18-cr-00078-LJO-SKO<br><br>ORDER DENYING AS MOOT MOTION TO VACATE THE COURT'S ORDER REGARDING MR. NIN<br><br>(ECF Nos. 25, 26, 27) |

On October 15, 2018, California Forensic Medical Group moved to vacate the Court's order of October 11, 2018. (ECF No. 25.) Fresno County filed a joinder to the motion on October 17, 2018. (ECF No. 27.)

The motion and joinder object to the Court's order of October 11, 2018. (ECF No. 21.) That order set forth the repeated representations from pretrial detainee and criminal defendant David Nin that he was not receiving critically necessary medications because Fresno County Jail was supposedly "out" of such medications. Mr. Nin also represented that when Mr. Nin was told that his prescription drugs were not available, the health worker still marked on the chart that all medications were provided. He stated that the jail's response, on many occasions, was essentially that there is "no place to mark" when the jail does not have the medication on hand. Mr. Nin also represented that his health was now critical and life threatening. The Court's order

summarized these contentions and required that Mr. Nin be transported to the Community Regional Medical Center ("CRMC") as soon as reasonably possible, and no later than five days from the date of the order, so that he could be seen by medical specialists in the areas of HIV treatment, Rheumatology and any other specialized physicians deemed medically necessary. Furthermore, the order required medical staff at Fresno County Jail to follow the recommendation of any such specialists and provide the medication and care directed by CRMC medical professionals. (ECF No. 21.)

Five days after the Court's order, on October 15, 2018, non-party California Forensic Medical Group, Inc. ("CFMG") filed a motion requesting the Court vacate its order of October 11, 2018. (ECF No. 25.) CFMG argues that the Court entered its October 11 order prior to CFMG being given an adequate opportunity to be heard. The Court's October 2, 2018, order requested a response from Fresno County Jail to be filed by October 9, 2018, or be provided through personal appearance of counsel at a status conference scheduled for October 10, 2018. (ECF No. 16.) However, neither Fresno County Jail nor CFMG filed a response by October 9, nor did either of these entities make an appearance at the October 10 status conference. However, on October 10, 2018, counsel for Fresno County Jail contacted the Court by e-mail and requested a short extension of time to file a response. (ECF No. 18.) The Court granted the request, giving the County until the close of business on October 12, 2018, to file their response. (*Id.*) Thus, when the Court issued its October 11 order, the Court did not yet have a response from Fresno County Jail or CFMG.

CFMG also argues that it had already begun the process of scheduling an appointment for Mr. Nin to be seen by an HIV specialist at CRMC before the Court required the same by order. Moreover, CFMG claims that it is not aware of any legal basis for the Court to order Mr. Nin to receive such treatment in the absence of a "Writ of Habeas Corpus" or a "civil action filed on behalf of Mr. Nin." CFMG also refers to the consent decree in the class action case, *Hall, at al.*

1  *v. County of Fresno*, Case Number 1:11-cv-02047. While CFMG's motion does not describe

2  what procedures it believes should have been followed here, it references an exhibit filed as

3  CM/ECF DOCUMENT NO. 112-1 in the class action case.

4      On October 17, 2018, CFMG filed a supplemental brief in support of its motion to vacate

5  the Court's October 11 order. (ECF No. 26.) In that filing, CFMG argues that the Court cannot

6  order any medical attention for a criminal defendant on pretrial supervision unless and until the

7  defendant has exhausted all administrative remedies. (ECF No. 26.) CFMG also claims that

8  any criminal defendant must "file a civil suit under Section 1983" if it believes it is not receiving

9  critical medical attention. Furthermore, CFMG claims that even just raising the issue of Mr.

10 Nin's lack of medical and critical medical condition in the criminal proceedings "is prohibited by

11 controlling law." (ECF No. 26, at p. 4.) CFMG concludes that this Court can never issue an

12 order directing Fresno County Jail to provide any specific care to any criminal pretrial defendant

13 trusted to its custody and care. (ECF No. 26, at p. 5.)

14     The County of Fresno filed a joinder on October 17, 2018. (ECF No. 27.) It argues that

15 Mr. Nin failed to file the appropriate civil action to have the Court address his allegation that he

16 lacked critical medical care in jail. The County of Fresno cited cases endorsing the procedure of

17 a "formal evidentiary hearing to proffer evidence to show that [the defendant] is, in fact, unable

18 to effectively assist counsel due to the conditions of his confinement." (ECF No. 27, at p. 3.)

19     Upon receiving these motions, the Court contacted the US Marshals' Office. That office

20 informed the Court that all Court orders for treatments had been followed. Representatives from

21 the Fresno County Jail promptly signed the medical request approving Mr. Nin to be seen at the

22 hospital by an HIV specialist. Mr. Nin was taken to the hospital on October 16, 2018, where he

23 was seen and received medical care. He is also scheduled to see a specialist at the first available

24 appointment.

25

Accordingly, the issue regarding Mr. Nin is now moot. Notwithstanding the objections, Mr. Nin received the care directed by the Court's order. The motion to vacate is therefore denied as MOOT.

However, the legal issues raised in the various objections are important for the Court and all related entities who together ensure that pretrial defendants receive the medical care they need in order, among other reasons, to assist counsel and adequately defend their case. As this is no longer a ripe dispute related to Mr. Nin's case, the Court intends to pursue further discussion by way of an open letter. The Court will shortly send such a letter inviting and coordinating a meeting including the Court, US Marshal, and Fresno County Jail to address these important issues going forward.

IT IS SO ORDERED.

Dated: **October 22, 2018**       /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE